IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Reed Timmer,<br><br>    Plaintiff,<br><br>v.<br><br>Roof Hawk AI Systems, LLC,<br><br>    Defendant. | No. 4:25-cv-00363-RWS<br><br>**Jury Trial Requested** |

## ANSWER TO COMPLAINT

Defendant Roof Hawk AI Systems LLC answers and responds to each allegation of Reed Timmer ("Plaintiff"). Pursuant to Federal Rule of Civil Procedure 8(b), Defendant gives these answers based on reasonable investigations and its knowledge to date.

### Introduction

1.    Defendant admits that this action arises under Title 17 U.S.C., § 101 *et seq.* but denies that Plaintiff is entitled to any relief thereunder.

2.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and denies them on that basis.

3.    Admitted.

4.    Defendant admits that it owns and operates the Account, but denies the remainder of paragraph 4.

5.    Denied.

### Parties

6.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and denies them on that basis.

7. Admitted.

## Jurisdiction and Venue

8. Admitted.

9. Admitted.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and denies them on that basis.

## Alleged Factual Background

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and denies them on that basis.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and denies them on that basis.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and denies them on that basis.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and denies them on that basis.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and denies them on that basis.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and denies them on that basis.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and denies them on that basis.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and denies them on that basis.

19. Defendant admits that it owns the Account but denies the remainder of paragraph 19.

20. Defendant admits that it is the operator of the account but denies the remainder of paragraph 20.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## First Count

45. The foregoing responses are incorporated herein by reference.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## Prayer for Relief

Defendant requests that the Court deny all of the relief that Plaintiff requests.

## Affirmative Defense I: Innocent Infringement

Plaintiff's damages for infringement—if any—are limited based on such infringement being innocent. Defendant had no notice of any allegations of infringement prior to the Complaint. Defendant was also unaware of any copyright infringement allegation at the time of the alleged acts of infringement.

### Affirmative Defense II: Scenes a Faire

Plaintiff's claims are barred or limited, in whole or in part, under the *scenes a faire* doctrine. Plaintiff's allegations of copyright protection are based on a video of a natural occurrence, and were not the result of any creative or original activity of the Plaintiff.

### Affirmative Defense III: License

Plaintiff's claims are barred or limited, in whole or in part, because Defendant either had a license or is a third party beneficiary of the license granted by Plaintiff. Upon information and belief, Plaintiff licensed one or more social media companies to allow reproduction of the video, and Defendant is either covered by those licenses or is a third party beneficiary of such licenses.

### Affirmative Defense IV: Fair Use

Plaintiff's claims are barred or limited, in whole or in part, under the fair use doctrine. If copying is found, Defendant's accused video is a noncommercial, transformative work that is educational and/or provides protected commentary.

### Affirmative Defense V: Equitable Estoppel

Plaintiff's claims are barred or limited, in whole or in part, under the equitable estoppel doctrine. Plaintiff posts videos on social media implicitly encouraging others on social media to share them. Therefore, Plaintiff is equitably estopped from complaining when others on social media do share Plaintiff's videos.

### Reservation of Defenses

Defendant reserves the right to assert other defenses as it becomes aware of facts supporting those additional defenses.

### Jury Request

Pursuant to Federal Rule of Civil Procedure 38, Defendant requests a trial by jury on all issues so triable.

Dated: May 13, 2025                    Respectfully Submitted,

*/s/James R. Gourley*
James R. Gourley
Texas Bar No. 24050679
**CARSTENS, ALLEN & GOURLEY, LLP**
7500 Dallas Parkway, Suite 300
Plano, Texas 75024
(972) 367-2001
gourley@caglaw.com

Counsel for Roof Hawk AI Systems LLC
